UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 5:21-cr-00160 |
| Plaintiff, : | OPINION & ORDER |
| : | [Resolving Doc. 48] |
| v. : | |
| SETH T. WINDHAM, : | |
| Defendant. : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Seth Windham was convicted after pleading guilty to one count of kidnapping.[1] After the Sixth Circuit affirmed Windham's conviction,[2] Windham now challenges his conviction under 28 U.S.C. § 2255.[3] In his § 2255 motion, Windham argues that his trial counsel was ineffective.[4]

The Court appointed counsel to assist Windham with Windham's § 2255 petition.[5] The appointed attorney filed a notice that she did not intend to supplement Windham's pro se motion.[6] The government opposed Windham's motion.[7]

Because Defendant Windham has not met his burden to establish a constitutional violation, the Court **DENIES** the § 2255 motion.

\* \* \*

---

[1] Doc. 30.
[2] *United States v. Windham*, 53 F.4th 1006 (6th Cir. 2022).
[3] Doc. 48.
[4] Doc. 48-1.
[5] Non-Doc. Order (Feb. 28, 2024).
[6] Doc. 52.
[7] Doc. 51.

Case No. 5:21-cr-00160
GWIN, J.

In his § 2255 motion, Defendant Windham claims only ineffective assistance of trial counsel.[8] Windham shoulders the burden of proving that his trial counsel was ineffective by a preponderance of the evidence.[9] Windham must prove that "(1) his trial counsel's representation fell below an objective standard of reasonableness, . . . and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[10] Because Windham pleaded guilty,[11] to show that the result of the proceeding would have been different, Windham must show a reasonable probability that "he would not have pleaded guilty and instead would have insisted on going to trial" absent counsel's alleged errors.[12]

Defendant Windham argues that his trial counsel was ineffective in five ways. But Windham does not support any of his five arguments with sufficient facts or law.

***1. Failure to Share Discovery.*** Windham first says that his trial counsel failed to show Windham the discovery in his case.[13] However, Windham does not identify what he would have seen in any discovery, and why the facts in that discovery would have caused him to insist on going to trial rather than plead guilty. Windham says only that this unspecified discovery would show that there was no federal jurisdiction.[14]

Because Windham did not point to specific discovery, Windham has not met his burden to show a reasonable probability that the proceeding would have been different.[15]

---

[8] Doc. 48 at PageID #: 227; Doc. 48-1.
[9] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).
[10] *Id.* at 966 (internal quotations omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)).
[11] Docs. 22, 23.
[12] *Pough*, 442 F.3d at 966 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).
[13] Doc. 48 at PageID #: 227; Doc. 48-1 at PageID #: 237.
[14] Doc. 48-1 at PageID #: 237.
[15] *United States v. Stewart*, No. CRIM.A. 08-124-ART, 2011 WL 382206, at *2 (E.D. Ky. Jan. 4, 2011), *report and recommendation adopted*, 2011 WL 381951 (E.D. Ky. Feb. 2, 2011).

Case No. 5:21-cr-00160
GWIN, J.

Moreover, Windham made his federal jurisdiction argument to the Sixth Circuit, and the Circuit rejected his argument.[16]  The Court rejects Windham's first argument.

*2. Failure to Seek a Suppression Hearing.*  Next, Windham says that he asked his trial counsel to file a Fourth Amendment suppression motion, but his trial counsel did not do so.[17]  To succeed on this argument, Windham needed to "prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that [plea decision] would have been different"[18]  Windham has not identified any alleged Fourth Amendment violation, so Windham has not met his burden.

*3. Lack of Effort.*  Windham also complains generally about his trial counsel's supposed lack of effort.  Windham says that his counsel "didn't take time to properly fight for me."[19]  Windham also says that his counsel focused more on securing a favorable sentence than on exonerating Windham.[20]

Windham does not identify any specific actions that allegedly fell below an objective standard of reasonableness—these generic complaints are not enough to meet Windham's burden.

*4. Pressure to Plea Guilty.*  Windham argues that he felt pressured to take a guilty plea because his trial counsel told him that the government's plea deal was only available for one day.[21]

This claim contradicts Windham's statements at his change of plea hearing.  At Windham's hearing, he answered "no" to the question, "Has anybody made any outside

---

[16] *Windham*, 53 F.4th at 1010–13.
[17] Doc. 48 at Page ID #: 227; Doc. 48-1 at PageID #: 236.
[18] *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).
[19] Doc. 48-1 at PageID #: 236.
[20] *Id.*
[21] *Id.*

Case No. 5:21-cr-00160
GWIN, J.

threats or has anybody made any outside promises that you've relied upon in deciding to enter a plea?"[22]

Windham also said that he had read his plea agreement and agreed with everything stated in his plea agreement.[23] In turn, the plea agreement says, "Defendant states that no person has threatened or coerced Defendant to do or to refrain from doing anything in connection with this case, including Defendant's decision to enter a guilty plea."[24]

Given Defendant Windham's statements at his plea hearing and in his plea agreement, Windham's summary coercion claim is not enough to meet his burden.[25]

*5. Failure to Challenge Federal Jurisdiction.* Finally, Windham claims that his trial counsel was ineffective for failing to challenge federal jurisdiction.[26] But Windham has not shown prejudice because Windham was able to make his federal jurisdiction argument on appeal, and the Sixth Circuit rejected that argument.[27]

\*   \*   \*

For the reasons above, the Court **DENIES** Windham's § 2255 motion.

IT IS SO ORDERED.

Dated: July 9, 2024        s/    *James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

[22] Doc. 40 at 10:2–5.
[23] Doc. 40 at 9:16–10:1.
[24] Doc. 23 at ¶ 26.
[25] *Stewart*, 2011 WL 382206, at *3 (collecting cases).
[26] Doc. 48-1 at PageID #: 237.
[27] *Windham*, 53 F.4th at 1010–13.

- 4 -